

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUL 25  AM 9: 14

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERMAN LEWIS #100177** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-0351** |
| **N. BURL CAIN, WARDEN** | **SECTION "C"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting

hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and

recommendations for disposition pursuant to Title 28, United States Code, Section 636(b)(1)(B) and

(C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the

entire record, the Court has determined that this matter can be disposed of without an evidentiary

hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS**

**RECOMMENDED** that the petition be **DISMISSED WITH   PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)), or, the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and, the facts underlying the claim show by clear and convincing evidence that but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

DATE OF ENTRY
JUL 2 5 2000

1

DATE OF MAILING _____ JUL 2 5 2000

Fee_____
Process_____
Dktd_____
CtRmDep_____
Doc.No._____

Petitioner, Herman Lewis, is an inmate incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On October 18, 1982, petitioner, after a trial by jury, was found guilty of armed robbery in violation of La. R.S. § 14:64 (West 2000).[2]  On December 9, 1982, the state filed a multiple offender bill of information charging petitioner with being a multiple felony offender in accordance with La. R.S. 15:529.1 (West 2000),[3] to which the petitioner pled guilty. The trial court then sentenced the petitioner to serve one hundred (100) years in the department of corrections.[4]

Petitioner appealed his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal. On December 9, 1986, petitioner's conviction was affirmed.[5]  Petitioner's conviction became final on December 24, 1986, in accordance with La. C.Cr.P. Art. 922 (West 2000).

On November 10, 1996, the petitioner filed a motion to correct an illegal sentence with the trial court.[6]  On March 3, 1997, the trial court denied petitioner's motion.[7]  On July 31, 1997, petitioner applied for supervisory and/or remedial writs to the Louisiana Fourth Circuit Court of Appeal.[8]  On September 9, 1997, the Louisiana Fourth Circuit denied petitioner's writ application.[9]

---

[2] State Rec., Vol. II of III.

[3] State Rec., Vol. II of III.

[4] State Rec., Vol. II of III.

[5] State v. Lewis, KA-6236, slip op. (La. App. 4th Cir. 1986).

[6] State Rec., Vol. I of III. Petitioner filed for post-conviction relief prior to 1996, but those filings are not pertinent to this review. See infra, p. 5-6 and n. 18.

[7] State Rec., Vol. I of III.

[8] This Court has verified this date of filing with the Louisiana Fourth Circuit Clerk's office. The pleading is not in the state court record.

[9] State Rec., Vol. III of III.

On September 30, 1997, petitioner applied for supervisory and/or remedial writs with the Louisiana Supreme Court.[10]   On April 9, 1998, the Louisiana Supreme Court denied petitioner's writ application.[11]

On July 9, 1998, petitioner filed an application for post-conviction relief challenging the jury instruction defining reasonable doubt and asking the trial court to consider the issue in the absence of a contemporaneous objection.[12]   The trial court failed to rule on petitioner's application and petitioner appealed to the Louisiana Fourth Circuit.  On February 12, 1999, the Louisiana Fourth Circuit denied petitioner relief.[13]   On March 10, 1999, petitioner applied for supervisory and/or remedial writs with the Louisiana Supreme Court.[14]   On August 25, 1999 the court denied petitioner's writ.[15]  Petitioner applied for reconsideration which was denied on October 1, 1999.[16]

Petitioner's request for federal *habeas corpus* relief was filed on January 20, 2000.[17]   In

---

[10] The state argues that the petitioner filed this application with the Louisiana Supreme Court on October 13, 1997, the date the Louisiana Supreme Court date stamped the application. However, when considering the timeliness of a pleading filed by a prisoner acting *pro se*, courts employ the "mailbox rule."  Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Under this rule, a pleading is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  Id.

[11] State ex rel. Lewis v. State, 717 So.2d 1138 (La. 1998).

[12] State Rec., Vol. I of III.

[13] State v. Lewis, 99-0007, slip op. (La. App. 4 Cir. 1999); State Rec., Vol. III of III.

[14] State Rec.,Vol III of III.  Petitioner has dated the application March 10, 1998 in error.

[15] State ex rel. Lewis v. State, 746 So.2d 1278 (La. 1999).

[16] State ex rel. Lewis v. State, 747 So.2d 1135 (La. 1999).

[17] Rec. Doc. 1.

support of his application, the petitioner claims that:

> 1. The trial court erred in giving an unconstitutional jury instruction on reasonable doubt; and,

> 2. The petitioner was denied effective assistance of counsel in that trial counsel failed to object to the unconstitutional jury instruction.

The state argues that this Court should not address the merits of petitioner's claim because his application for writ of *habeas corpus* is untimely as it was not filed in accordance with the requirements of 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), P.L. 104-132, 110 Stat. 1220.[18] Generally speaking, the AEDPA requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence became final.[19] With respect to prisoners such as Lewis whose conviction

---

[18] Petitioner filed a traverse to the state's response. Rec. Doc. 10.

[19] Section 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims is presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or

and sentence became final prior to the enactment of the AEDPA, the Fifth Circuit has held that a one-year grace period applies and petitions may be considered timely if filed no later than April 24, 1997. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); see also United States v. Flores, 135 F.3d 1000 (5th Cir. 1998)(applying one-year grace period to actions filed pursuant to 28 U.S.C. § 2255). In addition, the AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244 (d)(2). "'[A] properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)(quoting Lovasz v. Vaughn, 134 F.3d 146, 148 (3rd Cir. 1998)); Smith v. Ward, 209 F.3d 383 (5th Cir. 2000); Williams v. Cain, ___ F.3d ___, 2000 WL 867839, *2-5 (5th Cir. June 29, 2000).

Petitioner had three periods in which his state court post-conviction applications tolled the AEDPA statute of limitations.[20] From April 24, 1996 until November 10, 1996, when petitioner filed his motion to correct an illegal sentence in the trial court, one hundred and ninety-nine (199) days elapsed. Petitioner's time then again commenced to run thirty days after the trial court's March 3, 1997 ruling and continued until July 31, 1997, when petitioner filed for supervisory and/or

---

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

[20] All other writs filed by petitioner were ruled upon prior to the beginning of the April 24, 1996 one-year grace period. See State v. Lewis, 95-2411, slip op. (La. App. 4 Cir. 1996). State Rec., Vol. III of III.

remedial writs the Louisiana Fourth Circuit.[21]  During this period, one hundred and eighteen (118) days of his one year grace period expired.  The running of the time was again suspended on September 30, 1997, when petitioner timely applied for writs to the Louisiana Supreme Court, in accordance with Louisiana Supreme Court Rule X §5.   The Louisiana Supreme Court ruled on petitioner's writ application on April 9, 1998.  Petitioner's one year grace period began to run again after this ruling became final in accordance with La. C.Cr.P. art. 922, or on April 24, 1998.  Petitioner had only forty eight (48) days, or until June 11, 1998, to file his federal *habeas corpus* application.[22]  Petitioner's federal *habeas corpus* application was not filed until January 20, 2000, a year and a half beyond the one (1) year grace period permitted by the AEDPA.  Therefore, this Court finds petitioner's federal *habeas corpus* application to have been untimely filed.

The Fifth Circuit has held that the AEDPA one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, __ U.S. __, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); Phillips v. Donnelly, ___ F.3d ___, 2000 WL 797245, *2 (5th Cir. July 10, 2000).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398,

---

[21] It is unclear whether petitioner's state application for post-conviction relief ceased to be pending on March 3, 1997 or on April 2, 1997, since he failed to file his supervisory and/or remedial writ application with the Louisiana Fourth Circuit within the thirty day period allowed by Uniform Rules, Court of Appeal, Rule 4-3. See Williams v. Cain, ___ F.3d ___, 2000 WL 867839, *8, n.9 (5th Cir. June 29, 2000); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). However, this Court has included this time to the petitioner's benefit.

[22] His next filing was not until seventy six (76) days later, or on July 9, 1998, when petitioner filed another application for post-conviction relief in the trial court.

402 (5th Cir. 1999) (internal quotes and citations omitted), cert. denied, __ U.S. __, 120 S.Ct. 1564, 146 L.Ed.2d. 467 (2000).  This Court knows of no reason which would support equitable tolling of the statue of limitations in this case.[23]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of Herman Lewis for *habeas corpus* relief be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 24 day of July, 2000.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] The Court further notes that petitioner has not exhausted the claims raised in his petition.  The only issue raised before the Louisiana Supreme Court was the trial court error in giving an unconstitutional instruction on reasonable doubt.  Petitioner has not raised the issue that his trial counsel was ineffective for failure to object to the jury instruction in the state court and therefore presents this Court with a "mixed" petition. State Rec., Vol. III of III.  State ex rel. Lewis v. State, 746 So.2d 1278 (La. 1999).  As petitioner's application for federal *habeas corpus* relief is clearly time-barred, exhaustion need not be addressed.

7